**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MAJID IPAYE,<br><br>individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>v.<br><br>e4 Services, LLC<br><br>Defendant. | ) | Civil Action No. 2:25-cv-01761<br><br>CLASS AND<br>COLLECTIVE ACTION<br>JURY DEMANDED |

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Majid Ipaye ("Plaintiff" or "Ipaye"), through his undersigned counsel, individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint against Defendant e4 Services, LLC ("e4" or "Defendant"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York state law seeking payment of unpaid wages. Plaintiff alleges that he and other similarly situated consultants were knowingly and improperly classified by e4 as independent contractors, and, as a result, did not receive compensation for hours worked in excess of forty (40) in a workweek in violation of the FLSA and New York law.

2. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants:

> All individuals who worked for e4 providing training and support to e4's clients in using electronic recordkeeping systems in the United States from April 2022 to the present and were classified as independent contractors (the "Collective Action Members").

3. Plaintiff also brings this lawsuit pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and the following class:

> All individuals who worked for e4 providing training and support to e4's clients in using electronic recordkeeping systems in New York from April 2019 to the present and were classified as independent contractors (the "New York Class Members" or "Class Members").

## JURISDICTION AND VENUE

4. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because Defendant has its headquarters in Sinking Spring, Pennsylvania, in this judicial district, and a substantial part of the events giving rise to Plaintiff's claims took place in this district.

## PARTIES

7. e4 Services, LLC ("e4") is a Delaware corporation which coordinates staffing for information technology educational services for the healthcare industry across the United States. e4 has its headquarters at 411 Green Valley Road, Sinking Spring, PA 19608.

8. To provide these services, e4 employed (and continues to employ) dozens of

workers—including Plaintiff and Collective Action Members.

9. e4 employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10. e4's annual gross volume of sales made or business done exceeds $500,000.

11. Plaintiff Majid Ipaye ("Ipaye") is an individual residing in Peachtree Corners, Georgia.

12. Ipaye worked for e4 as a consultant providing support and training to Defendants' clients in using a new recordkeeping system at WMC- Bon Secours Charity Health System in New York between May and June of 2023.

13. Pursuant to 29 U.S.C. § 216(b), Ipaye has consented in writing to participate in this action. *See* Ex. A.

## FACTS

14. e4 provides training and support to healthcare facilities throughout the United States in connection with the implementation of new electronic recordkeeping systems.

15. e4 employs consultants, such as Plaintiff and Class and Collective Action Members, who perform such training and support services.

16. e4's financial results are significantly driven by the number of consultants performing training and support services for e4's customers, and the fees that e4 charges the customers for these services.

17. Plaintiff, along with dozens of Class and Collective Action Members, worked for e4 on a Cerner go-live project, which took place at WMC- Bon Secours Charity Health System in New York, between approximately May and June of 2023.

18. This was one of a number of similar projects which e4 has staffed throughout the United States. See https://www.e4.health/about-us/ (last visited March 27, 2025).

19. Plaintiff and Class and Collective Action Members worked with healthcare staff in a classroom setting and one-on-one on the hospital floor, teaching them how to use the Cerner electronic recordkeeping system and answering any questions they had in the process.

20. Although Plaintiff and Class and Collective Action Members routinely worked 12-hour shifts seven days a week, they did not receive overtime compensation for hours worked in excess of 40 a week.

21. e4 improperly, wrongfully and illegally classified Plaintiff and Clas and Collective Action Members as independent contractors, when the economic reality of their position is that of an employee, and e4 retains the right of control, and, in fact, actually does control their work.

**Plaintiff and Class and Collective Action Members are Employees of e4 as a Matter of Law**

22. The work performed by Plaintiff and Class and Collective Action Members is an integral part of e4's business. e4 is in the business of providing information technology educational services to the healthcare industry. Plaintiff and Class and Collective Action Members provide support and training to e4's clients in connection with the implementation of new electronic recordkeeping systems.

23. Plaintiff's and Class and Collective Action Members' duties do not involve managerial work. They follow the training provided to them by e4 in performing their work, which is basic training and support in using electronic recordkeeping systems.

24. Plaintiff and Class and Collective Action Members do not make any significant relative investments in relation to their work with e4. e4 provides the training and equipment required to perform the functions of their work.

25. Plaintiff and Class and Collective Action Members have little or no opportunity to experience a profit or loss related to their employment. e4 pays Plaintiff and Class and Collective Action Members a fixed hourly rate. Plaintiff and Class and Collective Action Members do not share in e4's monetary success; their income from their work is limited to their hourly rate.

26. Plaintiff's and Class and Collective Action Members' work does not require special skills, judgment or initiative. e4 provides training to Plaintiff and Class and Collective Action Members, which they in turn use to provide training and support to e4's clients.

27. Plaintiff and Class and Collective Action Members are economically dependent on e4. Plaintiff and Class and Collective Action Members are entirely dependent upon e4 for their business, as they are not permitted to perform services for any other company during their time working for e4.

28. Plaintiff and Class and Collective Action Members are not customarily engaged in an independently established trade, occupation, profession or business.

29. Plaintiff and Class and Collective Action Members work exclusively for e4, full-time, for stretches of several weeks at a time. Their schedule, and the duration of their work, is determined by e4.

30. Plaintiff and Class and Collective Action Members have little or no authority to refuse or negotiate e4's rules and policies; they must comply or risk discipline and/or termination.

31. e4 instructs Plaintiff and Class and Collective Action Members concerning how to do their work and e4 dictates the details of the performance of their jobs. For example:

a. e4, not Plaintiff or Class and Collective Action Members, conducts all of the billing and invoicing to e4's clients for the work. e4 bills the third-party customers directly;

b. Plaintiff and Class and Collective Action Members have no control over what prices to charge, or the scheduling of shifts. All negotiations over the cost of the work are done directly between e4 and the third-party client;

c. e4 requires Plaintiff and Class and Collective Action Members to work the entire project from inception to conclusion;

d. e4 provides the training needed for Plaintiff and Class and Collective Action Members to perform their work; and

e. e4 requires Plaintiff and Class and Collective Action Members to perform in accordance with e4's policies, manuals, standard operating procedures and the third-party client's requirements.

32. Plaintiff and Class and Collective Action Members often work approximately twelve (12) hours per day, and up to six (6) days per week for e4.

33. Plaintiff and Class and Collective Action Members have to request e4's approval for time off. e4 has the discretion to grant or deny such requests.

**Plaintiff and Collective Action Members are not Exempt as "Computer Employees" or "Highly Compensated Employees" under the FLSA**

34. Plaintiff and Collective Action Members provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiff and Collective Action Members have no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs.

35. Plaintiff and Collective Action Members were not working as, nor were they similarly skilled as, computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

36. Plaintiff's and Collective Action Members' primary duties consisted of training and aiding healthcare staff, in a classroom and one-on-one, in using the new recordkeeping software. Plaintiff's and Collective Action Members' primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiff and Collective Action Members did not analyze, consult or determine hardware, software programs or any system functional specifications for Defendant's clients. *See id.*

37. Plaintiff and Collective Action Members did not consult with Defendant's customers to determine or recommend hardware specifications. Plaintiff and Collective Action Members did not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

38. While Plaintiff's and Collective Action Members' work involved the use of computers, they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiff and Collective Action Members provided support and training in using electronic recordkeeping systems to e4's clients.

39. Plaintiff and Collective Action Members did not perform the duties of an exempt executive, administrative, or professional employee, as defined in 29 U.S.C. § 213(a)(1). Plaintiff and Collective action Members worked on the hospital floor or in a classroom setting, and provided basic. at-the-elbow support and instruction in using a new electronic recordkeeping system, walking hospital staff through how to input, save, and retrieve medical records, input patient medications, etc.

40. Plaintiff and Collective Action Members did not have a role in managing Defendants' operations; did not regularly direct the work of other employees of e4 and did not hire or fire other employees.

41. Plaintiff and Collective Action Members did not perform work related to management and/or general business operations of e4. Plaintiff and Collective Action members did not exercise discretion as to matters of significance – they were assigned to a particular part of the hospital; were required to follow a set schedule; and were given specific parameters within which to help the hospital staff navigate the electronic recordkeeping system.

42. Plaintiff and Collective Action Members did not perform work requiring advanced knowledge in a field of science or learning – they were not required to have a specific educational background, and their work involved basic, at-the-elbow training and support, in which they assisted hospital staff learning to use a new electronic recordkeeping system.

**Plaintiff and Class and Collective Action Members Routinely Worked in Excess of Forty Hours a Week**

43. Plaintiff and Class and Collective Action Members were regularly required to work 12-hour shifts, 6 days a week, while performing work for e4.

44. Although Plaintiff and Class and Collective Action Members are routinely required to work more than forty (40) hours per week, they did not receive one and one-half (1 ½) times their regular rate for hours worked in excess of forty (40) hours per week, as required by the FLSA and New York law.

45. Instead, Plaintiff and Class and Collective Action Members were paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty (40) hours in a week.

**e4 Willfully Violated the FLSA**

46. e4 had no reasonable basis to believe that Plaintiff and Collective Action Members were exempt from the requirements of the FLSA. Rather, e4 either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiff and Collective Action Members as exempt employees. Such willfulness is demonstrated by, or may be reasonably inferred from, e4's actions and/or failures to act, including the following:

a. At all times relevant hereto, e4 maintained payroll records which reflected the fact that Plaintiff and Collective Action Members did, in fact, regularly work in excess of 40 hours per week, and thus, e4 had actual knowledge that Plaintiff and Collective Action Members worked overtime;

b. At all times relevant hereto, e4 knew that it did not pay Plaintiff and Collective Action Members 1.5 times their regular pay rate for hours worked in excess of forty (40) hours per week;

c. As evidenced by its own job offer letters and training materials for consultants, at all times relevant hereto, e4 was aware of the nature of the work performed by consultants, and, in particular, that such individuals worked exclusively with healthcare workers employed by e4's clients, providing basic training and support;

d. As evidenced by its own job offer letters and training materials for consultants, e4 knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d);

e. At all times relevant hereto, e4 was aware that its consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis

techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f. e4 lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, e4 deliberately misclassified its consultants as independent contractors in order to avoid paying them overtime compensation to which they were entitled;

g. At all times relevant hereto, e4 was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiff and Collective Action Members 1.5 times their regular pay rate for hours worked in excess of forty (40) hours per week; and

h. Thus, e4 had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying its consultants as exempt employees.

47. Based upon the foregoing, e4 was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

48. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members defined above.

49. Plaintiff desires to pursue his FLSA claims on behalf of all individuals who join this action pursuant to 29 U.S.C. § 216(b).

50. Plaintiff and Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to e4's common business and compensation practices as described herein, and, as a result of such practices, have not been paid wages, including the legally mandated overtime compensation for

hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, e4's common misclassification, compensation and payroll practices.

51. The FLSA requires non-exempt hourly employees to be compensated at a rate of 1.5 times the regular hourly rate for all hours worked over 40 in a week.

52. e4 misclassified Plaintiff and Collective Action Members as exempt employees, and, as a result, failed to provide them overtime compensation for hours worked in excess of 40 a week.

53. The similarly situated employees are known to e4, are readily identifiable, and can easily be located through e4's business and human resources records.

54. e4 employs many Collective Action Members throughout the United States. These similarly situated employees may be readily notified of this action through email, text message, U.S. Mail, and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

55. Plaintiff Ipaye brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the New York Class defined above.

56. The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the New York Class.

57. Plaintiff Ipaye will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiff Ipaye and those of the

New York Class, and Plaintiff Ipaye's claims are typical of the claims of the New York Class. Plaintiff Ipaye's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

58. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation, whether e4 has violated and continues to violate New York law through its policy or practice of not paying its hourly employees overtime compensation.

59. Plaintiff Ipaye's claims are typical of the claims of the New York Class members in the following ways, without limitation: (a) Plaintiff Ipaye is a member of the New York Class; (b) Plaintiff Ipaye's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class; (c) Plaintiff Ipaye's claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiff Ipaye and the New York Class members; and (e) the injuries suffered by Plaintiff Ipaye are similar to the injuries suffered by the New York Class members.

60. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class members.

61. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class members are readily identifiable from e4's own employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual New York Class members that would establish incompatible standards of conduct for e4.

62. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against e4.

63. Without a class action, e4 will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff Ipaye and the New York Class. Plaintiff Ipaye envisions no difficulty in the management of this action as a class action.

**COUNT I**
**FLSA – Overtime Compensation**
**<u>(On Behalf of Plaintiff and the FLSA Collective)</u>**

64. All previous paragraphs are incorporated as though fully set forth herein.

65. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ." 29 U.S.C. § 203(d).

66. e4 is subject to the wage requirements of the FLSA, because e4 is an "employer" under 29 U.S.C. § 203(d).

67. At all relevant times, e4 has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §

203.

68. During all relevant times, Plaintiff and Collective Action Members have been covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

69. Plaintiff and Collective Action Members are not exempt from the requirements of the FLSA.

70. Plaintiff and Collective Action Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

71. e4, pursuant to its policies and practices, failed and refused to pay overtime compensation to Plaintiff and the Collective Action Members for their overtime hours worked by misclassifying Plaintiffs and the Collective Action Members as exempt employees.

72. e4 knowingly failed to compensate Plaintiff and the Collective Action Members at a rate of 1.5 times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

73. In violating the FLSA, e4 acted willfully and with reckless disregard of clearly applicable FLSA provisions.

74. In violating the FLSA, on information and belief, e4 did not have any good faith basis to rely on any legal opinion or advice to the contrary.

**COUNT II**
**Violation of the New York Labor Law**
**(On Behalf of Plaintiff and the New York Class)**

75. All previous paragraphs are incorporated as though fully set forth herein.

76. Overtime compensation due to New York workers is governed by New York Labor Law ("NYLL"), N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

77. NYLL requires that non-resident employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

78. NYLL requires that resident employees be compensated for all hours worked in excess of forty-four (44) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

79. e4 is subject to the wage requirements of the NYLL because e4 is an "employer" under N.Y. LAB. LAW § 651(6).

80. During all relevant times, Plaintiff Ipaye and the New York Class Members were covered employees entitled to the above-described NYLL's protections. *See* N.Y. LAB. LAW § 651(5) and N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.14.

81. Plaintiff Ipaye and the New York Class are not exempt from the requirements of the NYLL.

82. e4 is required by NYLL to pay Plaintiff Ipaye and the New York Class time and one-half (1 ½) the regular rate of pay for any work in excess of forty (40) hours for non-residents and forty-four (44) hours for residents pursuant to N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

83. e4 violated Plaintiff Ipaye's and the New York Class Members' rights by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay their regular rate of pay to which they are entitled under N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

84. Specifically, e4, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff Ipaye and the New York Class for all their overtime hours

worked by misclassifying Plaintiffs and the New York Class as independent contractors exempt from the requirements of the NYLL.

85. In violating the NYLL, e4 acted willfully and with reckless disregard of clearly applicable NYLL provisions.

## JURY TRIAL

86. Plaintiff demands a trial by jury for all issues of act.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff seeks the following relief on behalf of himself, the FLSA Collective, and the New York class:

a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

c. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the New York Class;

d. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages to the fullest extent permitted under the law;

f. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.

Dated: May 5, 2025

Respectfully submitted,

MAJID IPAYE,
individually and on behalf of others similarly situated,

Plaintiff,

By his attorneys,

*/s/Olena Savytska* _______________

Olena Savytska (*pro hac vice*)
Harold Lichten (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
osavytska@llrlaw.com
hlichten@llrlaw.com

Sarah Schalman-Bergen
(PA Bar ID 206211)
Lichten & Liss-Riordan, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
ssb@llrlaw.com

*Attorneys for Plaintiff*
*and the Proposed Class and Collective*